{¶ 1} I respectfully dissent. The majority determined that the trial court properly instructed the jury that the objective standard must be employed to determine whether Holland Management was satisfied with the services provided by Mr. Berg. As a subjective standard should be used to determine the extent of Holland Management's satisfaction, I would sustain its first assignment of error.
{¶ 2} Holland Management contracted with Integrity to obtain architectural services from Mr. Berg. A company's decision to hire a professional, such as an architect, can only be made by the company itself. See Columbus v. State Employment Relations Bd. (Sept. 4, 1990), 10th Dist. No. 90AP-87 (stating that decision to hire an individual lies within the sound discretion of the employer); see, also, Babcock Wilcox Co. v. Ohio Civil Rights Comm. (1987), 31 Ohio St.3d 222, 226
(Holmes, J., concurring). Therefore, it follows that Holland Management's satisfaction with the work performance of the architect can only be determined by applying a subjective standard to the quality of the architect's work as it relates to Holland Management. Due to the idiosyncrasies that each company possesses, a uniform, objective standard cannot be universally applied to every company seeking to hire an architect. Consequently, the trial court should not have instructed the jury to apply the objective standard.
{¶ 3} Although I concur with the balance of the majority, I would reverse and remand the judgment of the Medina County Court of Common Pleas based on the erroneous jury instruction.